HENRY A. HURD, admr. *vs.* INHABITANTS OF ST. ALBANS.

Somerset.    Opinion February 25, 1889.

*Towns.    Hiring money.    Ratification.*

No suit can be maintained against a town to recover money loaned to its officers, unless the plaintiff proves that they had authority to hire the money, or that the hiring has been ratified by the town, or that the money has been applied to the legitimate uses of the town, and such application ratified by the town.

The payment of a town debt, with money hired without authority, will not be sufficient to charge the town, unless the town has ratified the payment.

ON REPORT.    The law court were to render its decision upon so much of the evidence as was legally admissible.

The action was assumpsit, brought to recover the amount due

upon two town orders dated March 22, and April 5, 1882; one being given for the renewal of a former order, and the other for money hired to pay town debts. The writ contained two special counts, one upon each of the orders, and the common money counts joined.

*J. O. Bradbury*, for plaintiff.

Counsel contended that the money was loaned to the town under its vote in 1875, "to instruct the selectmen to hire money when needed, necessary for building a barn and replacing tools destroyed;" and the loan had been ratified by payment of interest. Plaintiff should not suffer by failure to produce the records, by which the application of money could be proved. Facts are different from *Otis* v. *Stockton* and *Bank* v. *South Hadley*.

*Merrill and Coffin*, for defendants.

To recover upon the special counts, plaintiff must show the orders were given pursuant to vote of the town to hire money. Town officers must have express permission to issue town notes. "This," says VIRGIN, J., "is too well settled to require the citation of authorities." *Parsons* v. *Monmouth*, 70 Maine, 262, 263; *Bessey* v. *Unity*, 65 Id. 342; *Bank* v. *Stockton*, 72 Id. 522; *Rich* v. *Errol*, 51 N. H. 350; *Nashville* v. *Ray*, 19 Wall. 468. Not only show a vote, but must bring claim strictly within its terms. *Warren* v. *Durham*, 61 Maine, 19; *Marsh* v. *Fulton Co.*, 10 Wall. 684.

Plaintiff's name not in the account of money borrowed under vote of 1875.

Under the general count, plaintiff has not proved the money into town treasury; its application to payment of town debts; or ratification, of the action of its selectmen, by the town. *Otis* v. *Stockton*, 76 Maine, 506; *Brown* v. *Winterport*, 79 Id. 305.

Printed town reports not accepted by the town, no acknowledgment or ratification. *Dickinson* v. *Conway*, 12 Allen, 487, 491. Counsel also cited: *Dedham Inst.* v. *Slack*, 6 Cush. 409; *Benoit* v. *Conway*, 10 Allen, 528; *Bank* v. *Lowell*, 109 Mass. 214.

WALTON, J. This is a suit to recover money supposed to have

been loaned to the town of St. Albans. It appears that one J. M. Skinner, who, for many years, acted as chairman of the board of selectmen of the town, hired the money, pretending that it was needed to pay town debts, and that he has absconded, leaving orders outstanding against the town to the amount of about $17,000, although his last report to the town showed an indebtedness of only $3,500; and the defendants claim to believe that Skinner embezzled this money, together with other large sums; and it is upon this ground that they resist the payment of it.

It is now settled law in this state that no suit can be maintained against a town to recover money loaned to its officers, unless the plaintiff proves that the officers had authority to hire the money, or that the hiring has been ratified by the town, or that the money has been applied to the legitimate uses of the town and such application ratified by the town. Even the payment of a town debt with money hired without authority will not be sufficient to charge the town, unless the town has ratified the payment. *Lincoln* v. *Stockton*, 75 Maine, 141; *Otis* v. *Stockton*, 76 Maine, 506; *Brown* v. *Winterport*, 79 Maine, 563.

A careful examination of the evidence in this case fails to satisfy us that the selectmen had authority to hire the money sued for, or to give the orders declared on, or that the money, or any portion of it, has been applied to the legitimate uses of the town, or to the payment of any town debt, or that the town has ever ratified the action of its officers in any of these particulars. It is therefore clear that the action is not maintainable.

*Judgment for defendants.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and HASKELL, JJ., concurred.